IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JOHN JUSZCZAK,**
**Claimant Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-217**      (JCN: 2021004229)

**ROB JUSZCZAK CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Juszczak appeals the October 11, 2022, order of the Workers' Compensation Board of Review ("Board"), that affirmed the claim administrator's denial of authorization for physical therapy. Respondent Rob Juszczak Construction ("RJC") filed a timely response.[1] The claimant did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's denial of authorization for physical therapy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 13, 2020, while working for RJC, the claimant was fueling an excavator from a tank in the back of his truck. The excavator swung and hit the claimant, throwing him onto the ground. The claimant was life-flighted to a hospital where he was diagnosed with fractures to nine ribs. On July 16, 2021, the claim administrator held the claim compensable for multiple rib fractures.

The claimant was seen by Robert A. Kaufman, M.D., on April 20, 2021. Dr. Kaufman found that the claimant had bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome. Dr. Kaufman recommended an EMG/NCS to determine the cause of petitioner's ulnar nerve issues, which the claimant subsequently underwent in September of 2021. Dr. Kaufman reviewed the September 2021 EMG/NCS and found bilateral ulnar mononeuropathy, but no evidence of thoracic outlet or brachial plexus lesion. Dr. Kaufman stated that it was "quite likely" that the claimant's January 12, 2020, work injury caused the bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome.

---

[1] The claimant is represented by M. Jane Glauser, Esq. The employer is represented by Jane Ann Pancake, Esq. and Jeffrey B. Brannon, Esq.

On February 28, 2022, the claimant was seen by Michael J. Singh, M.D., a vascular surgeon, for evaluation of possible thoracic outlet syndrome. Dr. Singh found no evidence of thoracic outlet syndrome, but instead diagnosed the claimant with radiculopathy. Dr. Singh requested authorization of twelve weeks of physical therapy to treat radiculopathy and recommended a neurology consultation for the claimant.

The claim administrator denied authorization of physical therapy in an order dated March 15, 2022. The diagnoses of bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome were originally held noncompensable by the claim administer. On July 12, 2022, the Workers' Compensation Office of Judges ("OOJ") reversed the claim administrator, added both diagnoses as compensable components of the claim, and authorized surgery as treatment for both diagnoses. In the same order the OOJ affirmed the claim administrator's denial of authorization for a cervical epidural injection at C7-T1. This Court affirmed the OOJ's order in memorandum decisions 22-ICA-8 and 22-ICA-29, both dated November 18, 2022.

On October 11, 2022, the Board affirmed the claim administrator's denial of authorization for physical therapy, holding that the claimant had not established that the requested physical therapy was sufficiently related to the treatment of a compensable diagnosis. The claimant now appeals this order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, __ W. Va. __, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, the claimant argues that the Board did not consider the record as a whole when making the decision to affirm the denial of authorization of physical therapy. The

claimant further argues that neuralgia was also diagnosed by Dr. Singh and that diagnosis should have been considered rather than only the diagnosis for which the physical therapy was specifically requested, which was radiculopathy.

West Virginia Code of State Rules § 85-20-9.1 (2006) provides that, "[t]he . . . private carrier . . . will pay for health care services, durable medical and other goods and other supplies and medically related items as may be reasonably required. The . . . private carrier . . . will only pay for those services or items that have a direct relationship to the work-related injury or disease."

After review, we conclude that the Board was not clearly wrong in finding that the claimant had not established that the requested physical therapy was sufficiently related to the treatment of a compensable diagnosis. The Board found that physical therapy had been requested for the treatment of radiculopathy, which is not a compensable component of this claim.

Finding no error in the Board's October 11, 2022, order, we affirm.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen